UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES BARKSDALE,

    Plaintiff,

v.

JUAN, et al.,

    Defendants.

No. 2:19-cv-02071-CKD-P

ORDER

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this federal civil rights action filed pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Screening Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**II.     Allegations in the Complaint**

On October 29, 2018, while an inmate at Deuel Vocational Institution ("DVI") in Tracy, California, plaintiff was housed in the top tier despite his "serious injur[ies]." ECF No. 1 at 3. He complained to Correctional Officer Juan, who is a named defendant in this action, that he was "having difficulty going up and downstairs and would have problems living on the top teir [sic]." Id.[1]  Plaintiff alleges that defendant Juan had the authority to move plaintiff to the bottom tier and that there was an open cell. Id. However, "[p]laintiff fell down the stairs as a result of not being provided a lower teir [sic] cell" causing him to be re-injured. Id. By way of relief, plaintiff requests compensatory and punitive damages. ECF No. 1 at 5.

---

[1] Plaintiff also names Registered Nurse Jane Doe and the "DVI Tracy Healthcare Provider" as defendants in this cause of action, but he never identifies what role either one played in denying him a lower tier cell. See ECF No. 1 at 2- 3.

2

In the last sentence of his only claim for relief, plaintiff states in a conclusory fashion that defendant "Juan violated plaintiff's first amendment rights to be free of retaliation for filing grievances." ECF No. 1 at 3. Plaintiff provides no additional facts or details supporting this independent claim for relief.

### III.   Legal Standards

Under the Eighth Amendment, prison officials must provide for inmates' basic human needs while in custody, including "food, clothing, shelter, medical care, and reasonable safety." Helling v. McKinney, 509 U.S. 25, 32 (1993). Moreover, officials can violate the Eighth Amendment by showing deliberate indifference to an inmate's unreasonable risk of future medical harm. Id. at 35. To violate the "cruel and unusual punishments" clause, the alleged deprivation must be objectively, sufficiently serious. Second, there is a subjective requirement that the official display a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citations omitted).

Prison officials generally cannot retaliate against inmates for exercising First Amendment rights. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985). If plaintiff is alleging retaliation, he must establish that: (1) defendant took some adverse action against him (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009) (citing Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)). Because a prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

In order to state a claim cognizable in a civil rights action, a plaintiff must connect the named defendants clearly with the claimed denial of his rights. Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference to assault requires that official

3

know of and disregard an "excessive risk"); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat superior liability under section 1983."); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named defendant and claimed injury). Additionally, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999).

**IV.  Analysis**

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a potentially cognizable claim arising under the Eighth Amendment against defendant Juan based on his deliberate indifference to plaintiff's health and safety. However, plaintiff does not allege sufficient facts demonstrating defendant Juan violated plaintiff's First Amendment right to be free of retaliation for filing grievances. This claim will be dismissed with leave to amend. The court cannot determine from the complaint what role, if any, defendants Jane Doe and DVI Tracy Healthcare Provider played in the alleged deprivation of plaintiff's rights. Accordingly, these defendants will be dismissed from the complaint with leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

4

complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.    Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the complaint state claims for relief against the defendants, and some do not.  You may choose to file an amended complaint to try to fix these problems.  You must decide if you want to (1) proceed immediately on your Eighth Amendment claim against defendant Juan and voluntarily dismiss the other defendants or (2) try to amend the complaint to state claims against the remaining defendants.  Once you decide, you must complete the attached Notice of Election form by checking **only one of the appropriate boxes** and return it to the court.  Once the court receives the Notice of Election, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for the defendants to be served with a copy of the complaint).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The allegations against defendants Jane Doe and DVI Tracy Healthcare Provider are dismissed with leave to amend for failing to state a claim.

2. Plaintiff's First Amendment retaliation claim against defendant Juan is also dismissed with leave to amend for failing to state a claim.

3. Plaintiff has the option to proceed immediately on the Eighth Amendment claim against defendant Juan or plaintiff may choose to amend the complaint to fix the deficiencies identified in this order with respect to the remaining claims and defendants.

/////

/////

/////

4. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants time to file a first amended complaint.

Dated: January 15, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/bark2071.1.option.docx

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BARKSDALE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JUAN, et al.,<br><br>　　　　　Defendants. | No.  2:19-cv-02071-CKD-P<br><br><br>NOTICE OF ELECTION |

**Check only one option:**

_____ Plaintiff wants to proceed immediately on the Eighth Amendment claim against defendant Juan; or,

_____ Plaintiff wants time to file a first amended complaint.

DATED:

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Plaintiff

7